Cardozo, J.
That a declaration in an action for deceit must, under the common law system of pleading, contain an allegation that tiie representation was falsely or fraudulently made, is too well-settled to admit of cavil (see 2 Chitty PL, 703, 704 ; Evertson v. Miles, 6 J. R., 138; Young v. Covel, 8 J. R., 23; Cropsey v. Robinson, 5 Leg. Obs., 20; 1 Bac. Ab., Tit. Actions on the Case, 125, F.; Allen v. Addington, 11 Wend., 374).
In the last mentioned case it was held that, even after verdict, a declaration in such an action would be fatally defective if it did not contain that averment.
In Zabriskie v. Smith (13 N. Y. [3 Kern.], 322), Dsmo, J., adverting to the rifle which I have mentioned, and commenting upon Allen v. Addington, said: “ Under our present system oí pleading, I conceive that a complaint should contain the substance of a declaration under the former system.”
He holds that, although the concise averments given in the form-books would be better pleading, and more in accordance with the spirit of the Code, yet, if the language employed, though in-artificial by reasonable intendment, makes out an allegation of bad faith and evil intention, it will be sufficient. Tested by this rule, I think the answer of the defendant is fatally defective; and that, under it, the defendant could not claim to give proof of false representations.
If this be so, it will be-unnecessary to examine the- other questions presented on .the argument.
The answer in this case, which, of course, must contain all that would be necessary to make a perfect complaint for deceit, does not contain any averment that the representation or the concealment of fact chsrged was with any false or fraudulent intent, nor any language from which such an intent can fairly be inferred. In Zabriskie v. Smith, the averment was that the *403 representation made by the defendant, was “ false and deceitful,” and that the defendant knew the plaintiffs would rely on it, and that they did in fact rely upon it, and would not have trusted the debtor, had not the representation been made. Taking all the averments together, that complaint was held to be good. But the answer in this case is very different. It avers that the injuries complained of were known to the parties having possession of the vessel, and were concealed from the defendant. But whether such concealment was fraudulent or honest, as it may very well have been, is not averred. Hor does the answer say that the representations alleged were either “ falsely,” “ fraudulently,” or “ deceitfully ” made, or that the defendant either relied upon or was deceived by them. It only charges that the representations'were made “ to induce ” the defendant to purchase, but it is not averred that they had that effect, or that the defendant would not have bought, had the representations not been made, or had no concealment been had; nor, indeed, but that, notwithstanding the representations and the concealment, the defendant perfectly well knew the condition of the machinery.
Such an answer is, I think, entirely defective, whether judged by the rules of common law pleadings or the more lax ones prevailing under the Code.
The power of amendment does not aid the defendant. An amendment after trial may be made "to sustain the judgment, but not to reverse it. The cases on this point are collated and reviewed in Williams v. Hall (6 Bosw., 674).
For these reasons I think the judgment should be affirmed, with costs.
Brady, J.
In addition to what Judge Cabdozo has said in his opinion, I deem it proper to say that in this case the alleged improper statements of Captain Marks related only to the bed-plate which was broken, assuming those statements to have been made under such' circumstances as would make the plaintiffs liable for then* falsity. The other parts of the vessel and her machinery were accessible to the defendant’s agents sent to examine them, and upon whose report he determined to purchase. For the expense of repairing or replacing the bed-plate the jury made the defendant an allowance, and substantial justice has been done in this case. The whole case warrants no *404 charge of fraud against the plaintiffs, and none was averred in the answer, as suggested hy my associate. The defendant’s requests to charge, and the exceptions taken, were based upon an element not present, which is a sufficient answer to them, but aside from that, the charge contained all the propositions in the, defendant’s favor, to which he was entitled.
The judgment should be affirmed. ,
Daly, J., concurred.